IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JASON HANKINS, | ) | Civ. No. 17-00279 SOM-RLP |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER GRANTING MOTION TO |
| vs. | ) | DISMISS AND DENYING MOTION TO |
| | ) | GET CLARIFICATION FOR |
| HICKAM AIR FORCE BASE – NAVAL | ) | JUDGMENT |
| MAGAZINE PEARL HARBOR WEST | ) | |
| LOCH BRANCH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING MOTION TO DISMISS AND**
**DENYING MOTION TO GET CLARIFICATION FOR JUDGMENT**

**I.      INTRODUCTION.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires complaints to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff Jason Hankins, proceeding pro se, filed a Complaint that is neither short nor plain.  The court has attempted to discern what claim is being asserted.  The Complaint appears to invoke the Federal Torts Claim Act ("FTCA"), insofar as it alleges that equipment at Defendant Hickam Air Force Base ("HAFB") injured Hankins and others.  However, the Complaint does not say whether Hankins presented his damages claim to HAFB before filing suit, which is a jurisdictional requirement under the FTCA.

The United States moves to dismiss the Complaint for lack of subject matter jurisdiction or, alternatively, for

failure to state a claim upon which relief can be granted. The court grants the motion on jurisdictional grounds. Because the court lacks jurisdiction, the court also denies Plaintiff's Motion to Get Clarification of Judgment. The court decides the motions without a hearing pursuant to Local Rule 7.2(d).

**II.     BACKGROUND.**

Hankins filed a "Proposed Judgment; Affidavit" in the First Circuit of Hawaii on May 26, 2017, which this court construes as Hankins's Complaint. *See* ECF No. 1-1, PageID # 6. The United States removed the case to this court on June 12, 2017. ECF 1, PageID # 3.

Hankins's Complaint is not easily deciphered. It seeks unspecified damages following HAFB's alleged operation of "Equipment" that caused "Severe Harm" to several individuals, including Hankins, residing at Kapalina Beach Homes in Ewa Beach, Hawaii. ECF 1-1, PageID # 7, 33-34. The Complaint variously refers to this "Equipment" as "Nas Daq Equipment," "Tamp Equipment," "Prodigy Equipment," a "Containment Unit," and "Sysco Technology Software." *Id.*, PageID # 9-11, 31. Hankins claims that this equipment is "Harassing [and] Terrorizing the People," "Waking a Person from Sleeping," "Keeping the People in the Area," "Controlling the People [by] . . . Changing The[] Way that They Live," and "Hit[ting]" people "with the Conversion of Energy" and making them "Pass Out." *Id.*, PageID # 10, 11, 21,

24, 27. Hankins is the only specifically identified person among those allegedly harmed by the equipment. *See, e.g.*, *id.* PageID # 14.

Hankins appears to be trying to state a claim under the FTCA. The Complaint does not cite the FTCA, but the allegations concern allegedly disruptive Air Force equipment, and the FTCA is "the exclusive remedy for tortious conduct by the United States" or federal agencies. *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). The Complaint does discuss State of Hawaii criminal laws and other "penal code" provisions, but it references no federal law. *See* ECF 1-1, PageID # 9, 16, 26 (mentioning portions of the Michigan Freedom of Information Act, MICH. COMP. LAWS §§ 15.233, 15.235 (West 2017); a Michigan anti-stalking provision, *id.* § 750.411h (West 2017); a Michigan evidentiary provision, *id.* § 750.157 (West 2017); and a Hawaii provision incorporating the common law, HAW. REV. STAT. § 1-1 (West 2017)); *see also* ECF 5-4 (appending most of these statutes as exhibits).

On July 20, the United States moved to dismiss the Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure or, in the alternative, Rule 12(b)(6). ECF 13-1. On August 1, Hankins filed a "Motion to Get Clarification for Judgment." ECF 17. The court dismisses the Complaint and denies Hankins's "clarification" motion.

## III. STANDARD UNDER RULES 12(b)(1) AND 12(b)(6).

Rule 12(b)(1) authorizes a court to dismiss claims over which it lacks subject matter jurisdiction. An attack on subject matter jurisdiction "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* A factual attack, on the other hand, "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

When the moving party makes a facial challenge, the court's inquiry is "confin[ed] . . . to allegations in the complaint." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003). Those allegations are taken by the court as true. *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014). On the other hand, if the moving party makes a factual challenge, the court may consider evidence beyond the complaint and "need not presume the truthfulness of the plaintiff's allegations." *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage*

*v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)) (internal quotation marks omitted).

HAFB alternatively moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

The court addresses the jurisdictional challenges first, reserving Rule 12(b)(6) matters for later consideration if, with an Amended Complaint, the court ultimately determines that it has subject matter jurisdiction. The court's present analysis begins and ends with jurisdiction.

**IV.     ANALYSIS.**

   **A.   The Court Dismisses the Complaint.**

"Federal courts are courts of limited jurisdiction," and "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking federal jurisdiction has the burden of proving the existence of subject matter jurisdiction. *Id.; Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). If a court lacks subject matter jurisdiction, it must dismiss the complaint, *sua sponte* if necessary. *Leeson*

*v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n. 12 (9th Cir. 2012) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

Federal courts can lack subject matter jurisdiction for a variety of reasons. One is sovereign immunity: if an entity entitled to sovereign immunity declines to waive it, damage claims cannot proceed and Rule 12(b)(1) dismissal is appropriate. *See Mills v. United States*, 742 F.3d 400, 404-04 (9th Cir. 2014); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (explaining that although "sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit"). In the context of a Rule 12(b)(1) motion to dismiss, "'the party asserting subject matter jurisdiction has the burden of proving' . . . that immunity does not bar the suit." *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 734 (1982) (quoting *Miller v. Wright*, 705 F.3d 919, 923 (9th Cir. 2013)).

HAFB is an "arm of the [federal] government" that "partakes of whatever immunities [the United States has] under the Constitution and federal statutes." *See Sheehan*, 456 U.S. at 733-34 (discussing the Army and Air Force Exchange Service as an arm of the United States); *see also Tobar v. United States*, 639 F.3d 1191, 1194-95 (9th Cir. 2011) (same, with the United States Coast Guard). Because HAFB is entitled to sovereign

immunity, this court can entertain this suit for damages "only if Congress has consented" by enacting a statute that "unequivocally" abrogates that immunity.  *Sheehan*, 456 U.S. at 734 (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)); *see also Tobar*, 639 F.3d at 1195.

      The United States claims that, because the Complaint does not establish a waiver of sovereign immunity, it must be dismissed under Rule 12(b)(1).  ECF 13-1, PageID # 205-7.  The United States first argues that Hankins "has cited no specific statute[] which would waive the doctrine."  *Id.*, PageID # 207.  This initial argument is meritless.

      The FTCA is a statute that "waives the United States' sovereign immunity for actions in tort."  *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995).  Although the Complaint does not cite the FTCA, the court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements," and, as such, must construe their pleadings "liberally."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *see also Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).  A pro se complaint is not automatically defective if it fails to cite the right statute; instead, as long as the statute is clearly related to the allegations, the court should construe the

complaint as invoking it.  *See, e.g.*, *Bretz*, 773 F.2d at 1027 ("Even though the [pro se] petitioner's brief does not specifically refer to [42 U.S.C.] § 1985, we must [nonetheless] determine whether [petitioner's pleadings] stated a cause of action under [it].").

The FTCA is clearly relevant.  The Complaint alleges that "Equipment . . . Activity" by "enlistments" at "Hickam Airforce [sic] Base" caused "Severe Harm" to Hankins and others.  ECF 1-1, PageID # 7-9.  Such allegations make out an FTCA claim.  *See, e.g.*, *Holloway v. United States*, No. 2:12-CV-02120-MCE-CKD, 2015 WL 2185223, at *1 (E.D. Cal. May 8, 2015) (refusing to dismiss part of an FTCA suit involving equipment at Beale Air Force Base that allegedly electrically shocked the plaintiff).

The United States argues that, even if the Complaint properly invokes the FTCA, it fails to include required allegations that Hankins administratively exhausted his claim, and thus this court still lacks subject matter jurisdiction.  ECF 13-1, PageID # 207.  This argument has merit.

The FTCA requires plaintiffs to exhaust administrative remedies before filing suit against the United States.  *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).  This requirement arises from 28 U.S.C. § 2675(a), which provides in part:

8

> An action shall not be instituted upon a claim against
> the United States for money damages for injury or loss
> of property or personal injury or death caused by the
> negligent or wrongful act or omission of any employee
> of the Government while acting within the scope of his
> office or employment, *unless the claimant shall have
> first presented the claim to the appropriate Federal
> agency and his claim shall have been finally denied by
> the agency in writing and sent by certified or
> registered mail.* The failure of an agency to make
> final disposition of a claim within six months after
> it is filed shall, at the option of the claimant any
> time thereafter, be deemed a final denial of the claim
> for purposes of this section.

*Id.* (emphasis added).

The Ninth Circuit has explained that, to satisfy § 2675(a), "the claimant or his legal representative [must] file (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation [into the matter], and (2) a sum certain damages claim." *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc). The claim should "put the agency on notice of every essential feature of the plaintiffs' case, allowing the agency to investigate and, if possible, settle the case *before it [goes] to court.*" *Brady*, 211 F.3d at 503. A "skeletal" claim will suffice if it "inform[s] the agency of the nature of the alleged injury and the amount of damages." *Id.* at 502-03 (describing *Avery v. United States*, 680 F.2d 608 (9th Cir. 1982)).

9

"The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA . . . and, as such, should be affirmatively alleged in the complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (citing *Caton v. United States*, 495 F.2d 635 (9th Cir. 1974)); *see also Saleh v. Bush*, 848 F.3d 880, 887 n.4 (9th Cir. 2017) (citing *Brady*, 211 F.3d at 502). Even in a pro se case, "[a] district court may dismiss a complaint for failure to allege this jurisdictional prerequisite." *Gillespie,* 629 F.2d at 640; *see also Mendoza v. United States*, 661 F. App'x 501, 501-02 (9th Cir. 2016).

Hankins does not assert that he submitted an administrative claim to HAFB before instituting this suit. *See* ECF 13-1, PageID # 207 (making this observation). The United States could presumably have submitted evidence indicating that HAFB did *not* receive such a claim. *See, e.g.*, *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1140-41 (9th Cir. 2013) (discussing an affidavit from the agency's Torts Claims Coordinator that helped the court find lack of exhaustion). But the United States' failure to submit such evidence does not rescue Hankins from the requirement that he allege exhaustion. The burden remains on Hankins not only to exhaust his administrative remedies, but also to allege the jurisdictional requirement that he has done so. In the absence of any indication that Hankins

submitted an administrative claim, this court dismisses the Complaint for lack of jurisdiction. *See Gillespie*, 629 F.2d at 640.

**V.      CONCLUSION.**

The court dismisses the Complaint. Because the court lacks jurisdiction, the court also denies Plaintiff's Motion to Get Clarification for Judgment.

Hankins may file an Amended Complaint no later than October 13, 2017. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quotation marks and citation omitted); *Gillespie*, 629 F.2d at 640 (similar). If Hankins fails to timely file an Amended Complaint, this action will be automatically dismissed.

Any proposed Amended Complaint must be complete in itself; it may not simply incorporate by reference the original Complaint or anything previously filed with this court or any other court.

Also, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, any Amended Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." With respect to each claim, Hankins should describe what Hickam Air Force Base allegedly did in separate,

11

numbered paragraphs, including sufficient facts and references to legal claims and statutory citations to put HAFB on notice of why it is being sued.  Complaints are the road map to a plaintiff's claim.  Accordingly, any proposed Amended Complaint should clearly and concisely articulate the claim being asserted and the basis or bases of this court's jurisdiction, including whether Hankins wishes to proceed under the FTCA or some other federal law.

If Hankins is proceeding under the FTCA, his allegations should include factual information about his exhaustion of administrative remedies.  If he is not proceeding under the FTCA, then, depending on what law he is proceeding under, he might not face an administrative exhaustion requirement, but he must still state some claim that is not barred by sovereign immunity.  Either way, he should include sufficient factual detail to make any claim plausible.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 18, 2017.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Jason Hankins v. Hickam Air Force Base, Civ. No. 17-000279 SOM/RLP; ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO GET CLARIFICATION OF JUDGMENT.