IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JASON HANKINS, | ) | CIV. NO. 17-00279 SOM-RLP |
| | ) | |
| Plaintiff, | ) | ORDER ADDRESSING ECF NOS. 26 |
| | ) | AND 27 |
| vs. | ) | |
| | ) | |
| HICKAM AIRFORCE BASE – NAVAL | ) | |
| MAGAZINE PEARL HARBOR WEST | ) | |
| LOCH BRANCH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER ADDRESSING ECF NOS. 26 AND 27**

This court has received two documents from Plaintiff
Jason Hankins, both postmarked October 16, 2017, and filed on
October 17, 2017, and both referring to "conforming to consistent
judgment," to a Rule 58 entry of judgment, to Rule 23's
provisions for settling the language of judgments, and to Local
Rule 7.2 (concerning civil motions). The documents also refer to
discovery, to a garnishment, to a default, and to shortening
time. Both include a variety of confusing statements. Even
construing these two documents with the utmost liberality, this
court does not view either or both of them as an amended
complaint. They do not appear to be stating claims against any
Defendant and instead appear to be calling for this court to
enter a judgment in Plaintiff's favor or to consider granting
some sort of relief to Plaintiff based on unidentified motions.
There is no basis for any motion by Plaintiff seeking a judgment

or the settlement of the language of any judgment in his favor, much less for the taking of discovery, the entry of default in his favor, or the issuance of any garnishee summons. All of Plaintiff's claims have been dismissed, with leave given to Plaintiff to file an amended complaint. With no existing claim, Plaintiff cannot obtain relief in any form.

In an order filed on September 18, 2017, this court very clearly told Plaintiff that his deadline for filing an amended complaint was October 13, 2017. This court expressly said in its order, "If Hankins fails to timely file an Amended Complaint, this action will be automatically dismissed." The October 13 deadline was reiterated in a minute order filed on September 26, 2017, and in yet another minute order filed on October 11, 2017. The latter minute order included the statement that court staff would telephone Plaintiff to read him the October 11 minute order, so that the time taken for him to receive a mailed hard copy of the October 11 minute order would not cause any confusion about the October 13 deadline. Court staff has confirmed to the court that the telephone call was made and a voice message was left for Plaintiff.

October 13 has now come and gone without an amended complaint. Even if this court overlooks Plaintiff's failure to meet the October 13 deadline and treats both of his most recent filings as timely, neither is a timely *amended complaint*. This

court accordingly dismisses this action and directs the Clerk of Court to enter judgment in favor of Defendant.  The Clerk is further directed to close this case file.

IT IS SO ORDERED.



_/s/ Susan Oki Mollway_____
Susan Oki Mollway
United States District Judge

Jason Hankins v. Hickam Airforce Base - Naval Magazine Pearl Harbor West Loch Branch; Civil No. 17-00279 SOM-RLP
ORDER ADDRESSING ECF NOS. 26 AND 27